IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LAURIE OTTO CORONA, | § | |
|     *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION H-07-3190 |
| | § | |
| CHEVRON CORPORATION, *et al.,* | § | |
|     *Defendants.* | § | |

### ORDER

Pending before the court is defendants Chevron Corporation, Chevron USA Inc., Texaco Inc., Separation Pay Plan of Texaco Inc., Change of Control Committee, and Texaco Group LLC's Rule 12(b)(6) motion to dismiss plaintiff Laurie Otto Corona's claims. Dkt. 18. Also before the court is Corona's motion to compel defendants' answer to plaintiff's first amended complaint. Dkt. 25. Upon consideration of the motions, responses, the evidence of record, and the applicable law, the motion to dismiss is GRANTED in part and DENIED in part. Further, the motion to compel is DENIED as moot.

### BACKGROUND

In October 2001, Texaco Inc. ("Texaco") and Chevron Corporation ("Chevron") finalized their merger. Dkt. 6 ¶ 14. As a condition of the merger, Texaco transferred all stock to Chevron but remained an independent entity. *Id.* at ¶ 15. Prior to the merger, Texaco established a Separation Pay Plan ("SPP") subject to the Employee Retirement Income Security Act ("ERISA"). *Id.* at ¶ 17. Defendant Separation Pay Plan of Texaco Inc. ("SPP of Texaco") is the entity established under ERISA. *Id.* at ¶ 5. Defendant Change of Control Committee is the defendant charged with administering the SPP of Texaco. *Id.* at 6.

At the time of the 2001 merger, Texaco, or a related subsidiary, had employed Corona for over twenty years.  *Id.* at ¶ 35.  During the tenure of her employment, Corona received several documents relating to Texaco's vacation policy and employee benefits.  *Id.* at ¶ 8.  Texaco's SPP was included in these documents.  *Id.* at ¶ 34.  The SPP contained a provision entitling employees to certain benefits upon a change in control of Texaco.  *Id.* at ¶ 24.  The change of control provision provided benefits to employees who were either terminated or who resigned during a pre-specified two-year period.  *Id.*  The two-year period would start to run as of the date of the change of control.  *Id.*  Corona alleges that the change of control in this case occurred on or around October 9, 2001.  *Id.* at ¶ 14.  Therefore, to receive change of control benefits, an employee must be terminated or resign on or before October 9, 2003.

As a subset of the change of control benefits, Texaco offered retiree medical coverage to qualifying employees.  *Id.* at ¶ 25.  To receive these benefits, an employee must meet stated requirements:  (1) the employee must be 45 years of age as of the date of termination; and (2) the employee must have worked for the company for 10 years as of the date of termination.  *Id.*  Additionally, an employee with unused vacation days at the time of termination could add those days to the date of termination or resignation in order to extend the official date of termination.  *Id.* at ¶¶ 30–33.  The "running out" of vacation days would only be permitted, however, if it allowed that employee to qualify for retiree medical coverage.  *Id.* at ¶ 32.

On or about August 20, 2003, Texaco provided Corona notice of termination effective September 30, 2003.  *Id.* at ¶ 34.  As of September 30, 2003, Corona was forty-four years of age.  *Id.* at ¶ 35.  Corona filed for medical retiree coverage under the change in control provision of Texaco's SPP but coverage was denied.  *Id.* at ¶¶ 38–40.  After an administrative appeal to the

Change of Control Committee, Texaco notified Corona of its final adverse determination in May 2004.  *Id.* at ¶ 41.  Corona filed suit in this court on November 7, 2007, claiming violation of ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B) for failure to provide benefits and ERISA § 502(a)(1)(A), 29 U.S.C. § 1132(a)(1)(A) for failure to supply requested information.  Dkt. 6.  Defendants filed this motion to dismiss on January 3, 2008.  Dkt. 18.

## ANALYSIS

### Standard of Review

Generally, motions to dismiss for "failure to state a claim upon which relief can be granted" are disfavored and rarely granted.  *GMAC Commercial Mortgage Corp. v. E. Tex. Holdings, Inc.*, 441 F. Supp. 2d 801, 804 (E.D. Tex. 2006) (quoting *Lowrey v. Tex. A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997)).  The court does not look beyond the face of the pleadings when determining whether a plaintiff has stated a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).

In considering 12(b)(6) motions, courts generally must accept the factual allegations contained in the complaint as true.  *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 667 F.2d 1045, 1050 (5th Cir. 1982).  "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [but] a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964–65 (2007) (citing *Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994) (internal citations omitted)).  However, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Id.* at 1965 (supporting facts must be

plausible—enough to raise a reasonable expectation) (citing 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1216 (3d ed. 2004)).

A complaint warrants dismissal if it "fail[s] *in toto* to render plaintiff's entitlement to relief plausible." *Twombly*, 127 S. Ct. at 1973 n.14 (second emphasis added). "Plausible" is a heightened standard, compared to merely "conceivable." *Id.* at 1974 ("Because the plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed."). Plausibility does not equate to probability, but rather it "raise[s] a reasonable expectation that discovery will reveal evidence of [a required element]." *Id.* at 1965.

**Corona's Complaint**

In her first amended complaint, Corona brings an action under ERISA § 502(a)(1)(B) to recover benefits she alleges are due to her under Texaco's SPP. Dkt. 6 ¶ 110. Corona claims that defendants were under a duty to clearly state all circumstances that would result in denial of retiree benefits.[1] *Id.* at 18 (citing *Hansen v. Cont'l Ins. Co.*, 940 F.2d 971, 982 (5th Cir. 1996) (holding that any burden of uncertainty will be placed on the plan drafter in order to avoid misleading or confusing documents)). Because the plan did not specifically delineate that "running out" of vacation time in order to reach one's forty-fifth birthday caused the termination date to fall outside of the plan's eligibility window, Corona alleges that defendants breached their duty of clarity and accuracy. *Id.* For the purposes of a 12(b)(6) motion, the court accepts Corona's allegations as true. Under the pleadings requirements of Rule 8 of the Federal Rules of Civil Procedure, Corona has alleged

---

[1] Corona bases her claim of clarity on 29 C.F.R. § 2520.102-3(l), which requires "a statement clearly identifying circumstances which may result in disqualification, ineligibility, or denial, loss, forfeiture, suspension, offset, reduction, or recovery . . . of any benefits that a participant or beneficiary might otherwise reasonably expect the plan to provide . . . ." *But see Stahl v. Tony's Bldg. & Materials, Inc.*, 875 F.2d 1404, 1408 (9th Cir. 1989) ("[T]o require summary plan descriptions to discuss the application of general rules to a wide range of particular situations and thereby provide specific advice to employees on how to shape their conduct to fit the rules" would "undermine the statute.").

sufficient facts to state a plausible claim under Rule 12(b)(6). FED. R. CIV. P. 8(a)(2) (a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief"). Any finding regarding the sufficiency of defendants' disclosures would require that the court go beyond the face of the complaint. Defendants' motion to dismiss Corona's ERISA § 502(a)(1)(B) claim therefore fails.

Corona further alleges that defendants failed to timely provide requested documents as required by ERISA §§ 502(a)(1)(A), (c)(1) (upon the request of an employee, a plan administrator must supply the required documents within 30 days). Failure to do so can result in monetary fines against the plan administrator. *Id.* Corona alleges that she submitted a request for all documents relevant to her claim as early as May 3, 2004, but failed to receive such documents until July 30, 2004. Defendants do not deny this allegation. Dkt. 6 ¶ 106; Dkt. 21 at 10. Because remedies under ERISA §§ 502(a)(1)(A), (c)(1) are recoverable only against a plan administrator, Defendants' motion to dismiss this claim is granted as to all defendants except defendant Change of Control Committee.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is GRANTED in part and DENIED in part. Corona's motion to compel is DENIED as moot.

Signed at Houston, Texas on March 13, 2008.

_____
Gray H. Miller
United States District Judge